### The Alton Roller Milling Company v. William G. Bender.

1.  SAFE PLACE TO WORK—*when master is not liable for failure to fur-
nish.*  Where the plaintiff is a mature man of at least ordinary intelli-
gence, with some experience in the character of work in which he was
engaged at the time of his alleged injury, and had been working at
that particular work for about six weeks, was perfectly familiar with
all the conditions surrounding the same, and if the place at which he
was working was in any respect unsafe, knew that fact and the extent
of the danger as well as any one else, he is not entitled to recover upon
the ground that the place furnished him to work was unsafe, where it,
likewise, appears that the master was not guilty of any negligence
which caused anything unusual in the conditions surrounding such
place at the time of his alleged injury.

2.  ASSUMED RISK—*what does not exempt servant from operation of
doctrine of.*  Where a servant has made complaint concerning the con-
ditions under which he is employed and is told that no change will
be made in such conditions the fact of his complaint in nowise relieves
him from the operation of the doctrine of assumed risk where he con-
tinues in such employment.

3.  ASSUMED RISK—*what essential to exempt servant from operation
of doctrine of.*  In order that a servant may be relieved from the oper-
ation of the doctrine of assumed risk, it must appear that he contem-

plated danger to himself from the defect complained of, which danger he was not willing to incur, and that by the promise of his master to remedy such defect he was induced to continue in the service in which he was employed, when otherwise he would not have done so.

Action on the case for personal injuries.   Appeal from the Circuit Court of Madison County; the Hon. SILAS · COOK, Judge, presiding. Heard in this court at the August term, 1903.   Reversed.   Opinion filed March 10, 1904.

TRAVOUS, WARNOCK & BURROUGHS and HENRY S. BAKER, for appellant.

R. E. DORSEY and BURTON & WHEELER, for appellee.

PER CURIAM.

This was an action in the Circuit Court of Madison County, by appellee against appellant, to recover for a personal injury sustained by appellee while engaged in the service of appellant, as a " packer " in its mill.   Trial by jury.   Verdict and judgment in favor of appellee for $2,500.

The declaration charges generally, that appellant failed to furnish appellee a reasonably safe place in which to perform his work, and in the various counts specifically charges that the floor was slippery; that the place was insufficiently lighted; that the passage way along which he was required to work was too narrow; that a belt box projected into the passage way; that appellant was requested to remove the belt box and promised to do so; and that appellant neglected to provide a sufficient number of workmen to conduct its business.   It is averred that while appellee was pushing a truck loaded with flour in sacks along said passage way, the truck struck against the projecting belt box and appellee was caused to fall down upon the floor and was thereby injured.

The passage way complained of, was about twenty-five feet long, four feet wide, had an iron floor over which the truck ran, was lighted by three sixteen candle power electric lights, one near each end and one in the middle.   The alleged belt box was a shielding for the purpose of protecting belting in use in driving certain machinery and to pro-

tect persons working in the passage way from injury by coming in contact with the belting. It "was right down from the platform, right next to it," and encroached upon the passage way five or six inches. The truck which appellee was pushing was twenty-five inches wide, loaded with sacks of flour containing twenty-four pounds each. Whatever defects there were, if any such existed, were defects of construction. There is neither allegation nor proof that anything was out of repair.

Appellee was a mature man of at least ordinary intelligence, had had some experience in the character of work in which he was engaged at the time of the alleged injury, and had been working continuously at that particular work for about six weeks. He was perfectly familiar with all the conditions, including the number of men employed, and the work required of and performed by each, and if the place or work was for any reason, or in any respect unsafe, no one knew that fact or the character and extent to which it was so, better than he. It is not claimed that there was anything unusual in the conditions on the occasion of the alleged injury, except that one of the lights was not burning. Appellee testified that when he went to work on that occasion he noticed that one of the lights was not burning. It does not appear that the light had previously been out of repair in any respect or that it was even then in any manner out of repair. He did not attempt to turn it on or light it himself, nor did he make any request nor give any notice concerning it, and there is neither evidence nor inference tending to prove that any one but appellee had any knowledge that the light was not burning. There is no evidence tending to prove negligence on the part of appellant concerning the light.

Appellee testifies that about five days before he was injured he told the superintendent that it was too much for him to handle all that flour himself; that he was not an expert packer yet and would like to have some help; and that the superintendent said he could not give him any helper, that appellee would have to do the work. This would not

relieve appellee from the assumed risk of continuing in the service, after a refusal to furnish him a helper. If it could be found as a fact that the work really was dangerous and that a helper would have rendered his work less so, there was no promise to furnish one. "The rule is, * * * when an employee, after having the opportunity to become acquainted with the risks of his situation, accepts them, he cannot complain if he issu bsequently injured by such exposure." C. & E. I. R. R. Co. v. Geary, 110 Ill. 389.

Concerning the request and promise to remove the belt box, appellee testified that about three weeks before the injury, while wheeling out some flour, the truck struck the belt box and some sacks fell off and bursted; that the superintendent was standing by and helped pick up the sacks; that he said to him, "Can't that box be taken away there," and the superintendent replied, "Yes, I am going to take that away from there as soon as 1 can." This does not bring the case within that class which relieves an employee from an assumed risk. In order to bring a case within that class it must appear that the employee contemplated danger to himself from the defect which he was no longer willing to incur, and that he was induced to continue in the service when he would not otherwise have done so, by the promise of his employer to remedy the defect. A request and promise with reference only to conditions affecting the work, where it does not appear that the parties had in mind either danger to, or the safety of the employee doing the work, will not suffice. Tesmer v. Boehm, 58 Ill. App. 610; Chicago Bridge and Iron Co. v. Hayes, 91 Ill. App. 271.

There is not a word in this evidence from which it can be inferred that either appellee or the superintendent apprehended or contemplated any danger to appellee from the presence of the belt box, nor that appellee had any fear of personal injury therefrom, or that he was unwilling to continue longer to work there unless the belt box was taken away. They both had in mind its effect upon the work—the delay, and the bursted flour sacks; nothing more.

The conditions surrounding appellee and the dangers at

tending his work were all known and assumed by him, and the trial court should have instructed the jury to find appellant not guilty.

The judgment of the Circuit Court is reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

The court finds, as ultimate facts, that appellee had full knowledge of all the facts, conditions and dangers incident to the employment in which he was engaged at the time of the injury, and that he assumed all the risks incident thereto, and that his injury resulted from such assumed risk.