### Edward O'Hare, Appellee, v. Commonwealth Steel Company, Appellant.

MASTER AND SERVANT—*assumption of risk*. Where a switchman reported the defective condition of the goose-neck and draw bar of an engine to the master mechanic, and continued work on a promise that the same would be repaired, he nevertheless assumed the risk of any attending dangers where it was shown that he did not make the report in apprehension of any danger to himself.

Appeal from the City Court of Granite City; the Hon. J. M. BANDY, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed October 7, 1912.

WISE, KEEFE & WHEELER, for appellant; R. B. HENDRICKS, of counsel.

THOMAS STALLINGS and THOMAS F. FERNO, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit for personal injuries received by appellee while in the employ of appellant.

The declaration contained two counts, the first averred that on and prior to September 23, 1910, appellant was operating a steel foundry, and used a steam locomotive and certain small cars termed buggies for the purpose of conveying iron, steel and other material over its premises; that the small buggy was coupled

to the locomotive by means of a bar of iron, known as a goose-neck, which fitted on the draw bar of the locomotive, and was connected therewith by means of an iron pin; that on said date and prior thereto, appellee was employed as a switchman and it was his duty to couple and uncouple the said buggies and locomotive; that a few days prior to said date, while so employed, he noticed the goose-neck and draw bar were out of repair in this, that the goose-neck hung down to such an extent that it would be liable to cause injury to a person attempting to use it in making a coupling of said buggies to said engine; that appellee on said date reported the defective condition of said goose-neck and draw bar to the master mechanic of appellant and said master mechanic, then and there ordered appellee to continue his employment as switchman with said engine and buggies and said that he would have the defective condition repaired when said engine was turned in; that it was the custom of appellant to have its engines and cars turned into the machine shop on Saturday of each week, for overhauling and repairs; that relying upon the promise to repair as aforesaid, appellee continued in his employment, as switchman and on the date above mentioned, while in the performance of his duties and in the exercise of ordinary care and prudence for his own safety, his left hand was crushed and mangled, and he was otherwise permanently injured as he was in the act of coupling said car or buggy to said engine, by reason of the defective condition of said goose-neck and draw bar.

The second count was like the first, except that it states the notice of the defect was given by appellee to the yard master instead of the master mechanic and that the yard master made the same promise in regard to the repair of the same.

There was a plea of the general issue and the trial resulted in a verdict and judgment for appellee for $1800.00.

Appellee testified affirmatively to the facts alleged

in the first count of the declaration and was corroborated by others as to the defective condition of the appliances mentioned and the injury received by him. Appellant offered no evidence whatever, but at the close of the evidence for appellee entered its motion to exclude the evidence and for an instruction to find the defendant not guilty, which was denied by the court.

Appellant on this appeal expressly waives all errors, except those that relate to the sufficiency of the evidence to sustain a verdict and judgment for appellee in this case, and ask that the judgment of the court below be reversed with a finding of facts and that the cause be not remanded.

The charge in the declaration was that appellee reported the defective condition of the goose-neck and draw bar to the proper officer of appellant, who ordered him to continue his work and he would have the defect repaired; and that he continued his work until he was injured, relying on said promise to repair.

The theory of the law presented and relied upon, by appellant, is that before the promise of the master to repair defective appliances will relieve the servant from the assumption of risk, it must appear that the servant made complaint on account of some danger he apprehended to himself. Upon this subject the following questions were put to appellee and answers made by him:

"Q. At the time you saw this trouble there, did you make that complaint because you were afraid you would get hurt?

A. No, I made the complaint that it was out of order, there were dangerous curves in the yard and in switching, it might slip a knuckle on the buggies.

Q. Did you make the complaint because you realized that you might get hurt?

A. I made the complaint because I thought a car might get away and run over some body and I would be held responsible.

Q. You did not think then, that there was any danger to you?

A. I made the complaint merely that there was danger of slipping a knuckle.

Q. And hurt somebody else?

A. In switching and throwing the cars around, a car might get loose and run over somebody.

Q. Your complaint was not made with the idea that you might get hurt?

A. No."

The proof, therefore, clearly established the fact the appellee did not apprehend any danger to himself from the defective condition of the goose-neck and draw bar.

In Althardt v. Con. Coal Co., 155 Ill. App. 364, this court said, ''The purpose and legal effect of a promise by an employer to repair defective machinery, or to remedy or remove a dangerous condition or appliance, is to relieve the employe of the assumption of a risk that the law would otherwise cast upon the employe. In order, however, for the servant to relieve himself of the assumption of the risk by reason of such a promise it must appear not only that the master made such a promise, but that the promise was made and accepted with the view of removing a possible danger of injury to the employe by reason of the supposed defect. * * * The complaint of the employe to the employer in such case must be to the effect that the defect renders the work more dangerous, and accompanied with the statement, express or implied, that he cannot continue the work longer unless the danger is removed."

Our Supreme Court, in the case of Morden Frog Works v. Fries, 228 Ill. 246, where a complaint of defective machinery and a promise to repair was under consideration, stated ''Counsel are also right in the position that the complaint must be on account of some danger to himself, apprehended by the servant, but the evidence fairly tended to prove that the complaint of plaintiff was on account of an apprehension of

danger to himself.'' This court in reference to the same subject, held in Alton Roller Milling Co. v. Bender, 112 Ill. App. 484, that ''in order to bring a case within that class, it must appear that the employe contemplated danger to himself from the defect, which he was no longer willing to incur and that he was induced to continue in the service, when he would not otherwise have done so, by the promise of his employer to remedy the defect. A request and promise with reference only to conditions effecting the work, where it does not appear that the parties had in mind either danger to, or the safety of the employe doing the work, will not suffice.''

The defects in the draw bar and goose-neck were easy to be seen and were known to appellee. When he continued his work with knowledge of the defects, he assumed the risk incident thereto, unless his report of the condition of the draw bar and goose-neck to the master mechanic and the instruction of the latter to him to continue working on until the engine was turned in, with a statement that he would then have his men make the repairs, were sufficient to relieve appellee from such assumption. But the report or complaint not having been made by appellee on account of any danger he feared to himself, from the defect in question, he, according to the rule of law stated in the above authorities, was not relieved from the assumption of the risk.

The judgment in this case must·therefore be reversed, and as the proofs in the case disclose no liability on the part of appellant the cause will not be remanded.

*Reversed.*

Statement of facts to be incorporated in the judgment: We find that the injuries of appellee were caused by a risk incident to his employment which he assumed.